SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**Garden State Check Cashing Service, Inc. v. State of New Jersey Department of Banking and Insurance (A-1-18) (081044)**

**Argued February 25, 2019 -- Decided May 1, 2019**

**TIMPONE, J., writing for the Court.**

The New Jersey Check Cashers Regulatory Act of 1993 (Act) generally prohibits the licensure of check cashing businesses within 2500 feet of existing check cashing businesses, N.J.S.A. 17:15A-41(e), unless the business was already in operation when the Act was passed, N.J.S.A. 17:15A-50(a) (Grandfather Clause). A 1998 amendment to the Act permitted a business to sell its assets without losing its grandfathered status. L. 1998, c. 104, § 1 (codified at N.J.S.A. 17:15A-32.1) (Amendment). In this case, the Court considers whether the Amendment's language limiting its application to "[a] person who is conducting business as a check casher" requires the seller to be actively engaged in continuous business operation at the time of a sale. N.J.S.A. 17:15A-32.1(a).

The seller in question here, Domenick Pucillo, ceased business operations of his three check cashing businesses in October 2014 before selling his assets in March 2015 to New Loan Co. Wm. S. Rich & Sons, Inc. (New Loan). After New Loan applied to the Department of Banking and Insurance (DOBI) for a license, Garden State Check Cashing Service, Inc. (Garden State) -- which operated a check cashing business located within 2500 feet of the business located in Irvington -- objected to the license application. It argued the business's grandfathered status was extinguished because Pucillo was not conducting business as a check casher at the time of the asset sale.

DOBI granted the license as to all locations, and Garden State appealed. The Appellate Division reversed DOBI's decision as to the Irvington location. The panel found that, because Pucillo had not been conducting business as a check casher at the time of the asset sale, he was unable to transfer his grandfathered status to New Loan under the Amendment, and New Loan was bound by the 2500-foot restriction. The Court granted New Loan's petition for certification. 235 N.J. 122 (2018).

**HELD:** The only requirements for an asset sale are that a seller is conducting business by holding a valid license and is not subject to an action by the Commissioner. As such, the asset sale was valid, the Irvington location retained its grandfathered status, and DOBI's decision to grant the license to New Loan was appropriate.

1.  The Court reviews the licensing requirements of the Act, the 2500-foot restriction, and the Grandfather Clause's exception to that restriction.  Through the 1998 Amendment, a grandfathered check cashing business may sell its assets:  "A person who is conducting business as a check casher pursuant to [the Act], whose license was continued . . . , and who is not the subject of any action by the commissioner . . . , shall be permitted to sell the assets of the business of cashing checks."  N.J.S.A. 17:15A-32.1(a).  The purchaser of a check cashing business's assets may continue the business unrestricted by the distance requirement, as long as the purchaser qualifies for a license under the Act and remains at the same location as listed on the seller's license.  Id. § 32.1(b).  The Amendment further provides for subsequent sales of check cashing businesses.  Id. § 32.1(c).  And the Act allows DOBI to revoke, subject to certain conditions, the license of a licensee who "has not provided check cashing services . . . at the location specified in the license for a period of 180 consecutive days or more."  Id. § 40(d).  (pp. 9-11)

2.  The inquiry here is whether the phrase "[a] person who is conducting business as a check casher" in the Amendment limits the sale of assets to those sold by a seller who is actively and currently engaged in the business of check cashing.  N.J.S.A. 17:15A-32.1(a).  DOBI rationally read the Amendment language as merely referring to a person who has a valid and active license under the Act to operate a check cashing business at a specific location.  The Court declines to disturb that interpretation by reading an operational requirement into the statute's language.  Essentially, the grandfathered distance-requirement exemption runs with the licensed location; it does not depend on the individual running the business to be actively engaged in check cashing activity daily.  The only requirements for an asset sale are that a seller is conducting business by holding a valid license and is not subject to an action by the Commissioner.  Plainly, the Commissioner may opt to revoke a check cashing business's license where the owner does not engage in check cashing services for 180 consecutive days.  See N.J.S.A. 17:15A-40(d).  But where, as here, the Commissioner does not do so, the fact that a seller has not been actively conducting business in check cashing does not preclude an asset sale.  (pp. 11-13)

**The judgment of the Appellate Division is REVERSED and the agency decision is REINSTATED.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE'S opinion.**

2

Garden State Check Cashing Service, Inc.,

Appellant-Respondent,

v.

State of New Jersey Department of Banking and Insurance,

Respondent-Respondent.

_____

License Applications of New Loan Co. WM. S. Rich & Sons, Inc.,
License Application Nos. 15015599 X08, 1501600 X08,
1501601 X08, 1501605,

Intervenor-Appellant.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| February 25, 2019 | May 1, 2019 |

Laurence B. Orloff argued the cause for appellant
(Orloff, Lowenbach, Stifelman & Siegel, attorneys;
Laurence B. Orloff, of counsel and on the briefs, David
Gorvitz, on the briefs).

Garen Gazaryan, Deputy Attorney General, argued the
cause for respondent New Jersey Department of Banking
and Insurance (Gurbir S. Grewal, Attorney General,

attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel, and Garen Gazaryan, on the briefs).

Gregg S. Sodini argued the cause for respondent Garden State Check Cashing Service, Inc. (Cutolo Barros, attorneys; Gregg S. Sodini, on the brief).

JUSTICE TIMPONE delivered the opinion of the Court.

The New Jersey Check Cashers Regulatory Act of 1993, N.J.S.A. 17:15A-30 to -52 (Act), generally prohibits the licensure of check cashing businesses within 2500 feet of existing check cashing businesses, N.J.S.A. 17:15A-41(e), unless the business was already in operation when the Act was passed, N.J.S.A. 17:15A-50(a) (Grandfather Clause). A 1998 amendment to the Act permitted a business to sell its assets without losing its grandfathered status. L. 1998, c. 104, § 1 (codified at N.J.S.A. 17:15A-32.1) (Amendment).

In this case, we are called upon to clarify whether the Amendment's language limiting its application to "[a] person who is conducting business as a check casher" requires the seller to be actively engaged in continuous business operation at the time of a sale. N.J.S.A. 17:15A-32.1(a). The seller in question here, Domenick Pucillo, ceased business operations of his three check cashing businesses in October 2014 before selling his assets in March 2015 to New Loan Co. Wm. S. Rich & Sons, Inc. (New Loan). After New Loan applied to the Department of Banking and Insurance (DOBI) for a license,

2

Garden State Check Cashing Service, Inc. (Garden State) -- which operated a check cashing business located within 2500 feet of one of the check cashing businesses -- objected to the license application. It argued the business's grandfathered status was extinguished because Pucillo was not conducting business as a check casher at the time of the asset sale. DOBI nevertheless granted the license and Garden State appealed. The Appellate Division reversed DOBI's decision, finding because Pucillo had not been conducting business as a check casher at the time of the asset sale, DOBI could not issue a license to the check cashing business located within 2500 feet of Garden State's business.

We reverse the Appellate Division's judgment. We defer to DOBI's interpretation of the Act, under which it found an asset sale permissible so long as the seller holds a valid license and is not subject to an action by the DOBI Commissioner (Commissioner).

## I.

## A.

We elicit the following facts from the submissions of the parties.

Domenick Pucillo owned and operated two check cashing businesses, one in Newark and one in Union, under the name Tri-State Check Cashing, Inc. (Tri-State), and one check cashing business in Irvington under the name

3

Rapid Check Cashing, Inc. (Rapid). Garden State is a check cashing business with multiple locations, including one that is within 2500 feet of Rapid in Irvington. The close proximity of the two locations was permitted under the Grandfather Clause. Because Pucillo sought to sell Rapid, the sale falls within the asset sale provision. See N.J.S.A. 17:15A-32.1.

On October 21, 2014, Pucillo was arrested and charged with various crimes, including racketeering, money laundering, and criminal usury. Several months later, in March 2015, the president of New Loan purchased the assets of Tri-State and Rapid from Pucillo. New Loan applied for check cashing and pawnbroker licenses from DOBI on April 1, 2015 for the businesses it purchased from Pucillo. Five days later, as per the Asset Purchase Agreement between New Loan and Pucillo, Pucillo filed New Jersey License Surrender/Non-Renewal forms on behalf of Tri-State and Rapid, listing October 21, 2014 as the date Rapid had ceased business.

On May 5, 2015, Garden State submitted a certification and memorandum to DOBI opposing New Loan's license application. Among other arguments not relevant here, Garden State contended N.J.S.A. 17:15A-41(e) mandated the rejection of New Loan's Irvington license application because the location was within 2500 feet of one of Garden State's check cashing businesses.

4

DOBI granted New Loan's check cashing and pawnbroker license applications for each of the three locations on May 22, 2015. New Loan has been operating check cashing and pawnbroker businesses at each of the three locations since July 1, 2015.

B.

Garden State appealed from DOBI's final agency decision on June 5, 2015 to the Appellate Division, seeking to stay the licenses and to enjoin New Loan from operating the check cashing business at the Irvington location. The Appellate Division denied Garden State's application for a stay. Shortly thereafter, DOBI denied a subsequent request by Garden State to hold a hearing on the matter, noting

> [t]he geographic proximity restriction . . . posed no concern because the Irvington location was a continuously licensed check cashing location before the 2,500 feet limitation was enacted. In addition, there was no pending regulatory action by the Commissioner against Rapid Check Cashing or its principal, Domenick Pucillo before or during the [New Loan] asset purchase and license application process.

While affirming DOBI's decision to grant licenses to the Newark and Union locations, the Appellate Division reversed DOBI's decision on the Irvington location because it was within 2500 feet of Garden State. The Appellate Division noted that, although the Rapid license had been exempt from the 2500-foot distance requirement under the Act's Grandfather Clause,

5

Pucillo was not "conducting business as a check casher" under N.J.S.A. 17:15A-32.1(a) when he entered into the asset sale because he had ceased business on October 21, 2014. As such, under the Amendment, Pucillo was unable to transfer his grandfathered status to the purchaser, New Loan, and New Loan was bound by the 2500-foot restriction. The Appellate Division concluded that DOBI's grant of the license "violated the plain language requirements of N.J.S.A. 17:15A-32.1(a) and -41(e)" and was "arbitrary, capricious, and unreasonable." The Appellate Division "stay[ed] the voiding of [Rapid's] license for twenty days."

## C.

New Loan petitioned for certification to challenge the Appellate Division's reversal of DOBI's grant of the Irvington license, and we granted that petition. 235 N.J. 122 (2018). We also granted a continued stay as to the voiding of the license.

## II.

## A.

New Loan seeks a reversal of the Appellate Division's decision, arguing the phrase "conducting business as a check casher" in N.J.S.A. 17:15A-32.1(a) does not require continuous operation in order to sell a business's assets and

6

retain grandfathered status. New Loan urges deference to DOBI's decision to grant the license.

## B.

DOBI agrees with New Loan, reasoning grandfathered status must run with the licensed location in order to protect the reasonable investment-backed expectations of sellers. DOBI underscores the appropriateness of its approval of the license under the Amendment by noting it had not instituted an administrative action against Pucillo nor was it obliged to do so.

## C.

Garden State urges the Court to affirm the Appellate Division decision, arguing grandfathered status cannot be retained if the seller was not currently "conducting business as a check casher" at the time of sale. Garden State analogizes to a Commissioner review requirement specific to controlling-interest sales of check cashing businesses, N.J.S.A. 17:15A-42, arguing "conducting business as a check casher" serves as a substitute for that requirement in asset sales.

## III.

We afford "'great deference' to an agency's 'interpretation of statutes within its scope of authority'" but are "not bound by an agency's determination on a question of law." Hargrove v. Sleepy's, LLC, 220 N.J.

7

289, 301-02 (2015) (quoting N.J. Ass'n of Sch. Adm'rs v. Schundler, 211 N.J. 535, 549 (2012)).  We therefore apply de novo review to issues of statutory interpretation.  Kocanowski v. Township of Bridgewater, ___ N.J. ___, ___ (2019) (slip op. at 8).

"The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language."  DiProspero v. Penn, 183 N.J. 477, 492 (2005).  In considering New Jersey's statutes, "words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language."  N.J.S.A. 1:1-1.  "We construe the words of a statute 'in context with related provisions so as to give sense to the legislation as a whole.'"  Spade v. Select Comfort Corp., 232 N.J. 504, 515 (2018) (quoting N. Jersey Media Grp., Inc. v. Township of Lyndhurst, 229 N.J. 541, 570 (2017)).  If a statute's plain language is clear, we apply that plain meaning and end our inquiry.  State v. Fede, ___ N.J. ___, ___ (2019) (slip op. at 11).

IV.

A.

The Act "revised and expanded the regulatory framework for the business of cashing checks" from the predecessor statute, the Check Cashing Law of 1951. Roman Check Cashing, Inc. v. DOBI, 169 N.J. 105, 108 (2001) (citing A. Fin. Insts. Comm. Statement to A. 1323 1 (May 17, 1993)). It provided that, in order to engage in check cashing, a business must receive a license from DOBI which is nontransferable and non-assignable. N.J.S.A. 17:15A-32. Among other requirements for a license, a check cashing business cannot "be located within 2,500 feet of an existing [check cashing] office or mobile office." N.J.S.A. 17:15A-41(e); see also Roman Check Cashing, 169 N.J. at 116 (upholding constitutionality of distance requirement). The Legislature included the Grandfather Clause, permitting check cashing businesses already in operation at the time of the law's passage to remain in business notwithstanding the 2500-foot distance requirement:

> Any person holding a license in good standing issued pursuant to [the previous check cashing law of 1951] and who wishes to continue to engage in the business of cashing checks, shall, within 90 days of the effective date of this act, submit to the commissioner a written statement certified to be true under penalty of law that the licensee complies with the provisions of this act . . . . The licensee shall not be required to comply with [the distance requirement under N.J.S.A. 17:15A-41(e)].

[N.J.S.A. 17:15A-50(a).]

In 1998, the Legislature amended the Act to permit a grandfathered check cashing business to sell its assets:

> A person who is conducting business as a check casher pursuant to [the Act], whose license was continued pursuant to [N.J.S.A. 17:15A-50], and who is not the subject of any action by the commissioner pursuant to [N.J.S.A. 17:15A-48 or -49], shall be permitted to sell the assets of the business of cashing checks.
>
> [N.J.S.A. 17:15A-32.1(a).]

The purchaser of a check cashing business's assets may continue the check cashing business unrestricted by the distance requirement, as long as the purchaser qualifies for a license under the Act and remains at the same location as listed on the seller's license. N.J.S.A. 17:15A-32.1(b). The Amendment further provides:

> A business of cashing checks which is sold and purchased pursuant to subsections a. and b. of this section may be sold and purchased subsequently as long as each time the business is sold the seller is not the subject of any action by the commissioner pursuant to [N.J.S.A. 17:15A-48 or -49] and the person purchasing the business of check cashing [qualifies for a license under the Act and conducts business at the same location as listed on the license].
>
> [N.J.S.A. 17:15A-32.1(c).]

The Act additionally provides:

10

> If a licensee has not provided check cashing services during normal business hours at the location specified in the license for a period of 180 consecutive days or more, and if no application for renewal of the license or relocation of the licensed check casher is or shall have been filed prior to expiration of that 180-day period, the department may, after notice to the licensee and opportunity to be heard, revoke the license or for good cause shown, the department may extend the 180-day period.
>
> [N.J.S.A. 17:15A-40(d).]

### B.

The inquiry before us is whether the phrase "[a] person who is conducting business as a check casher" in the Amendment limits the sale of assets to those sold by a seller who is actively and currently engaged in the business of check cashing. N.J.S.A. 17:15A-32.1(a). We find the statute's plain language -- as interpreted by the agency tasked with overseeing the statute's implementation -- is sufficient to settle this matter. Hargrove, 220 N.J. at 301-02.

DOBI rationally read the Amendment language as merely referring to a person who has a valid and active license under the Act to operate a check cashing business at a specific location. We see no reason to disturb that interpretation by reading an operational requirement into the statute's language. Essentially, the grandfathered distance-requirement exemption runs with the licensed location; it does not depend on the individual running the

11

business to be actively engaged in check cashing activity daily. Indeed, to find otherwise may lead to absurd results where check cashing business owners who temporarily cease operations --for example, due to a family leave absence or long vacation -- would lose their ability to sell their business assets upon return. See State v. Harper, 229 N.J. 228, 237 (2017) ("It is axiomatic that a statute will not be construed to lead to absurd results." (quoting State v. Provenzano, 34 N.J. 318, 322 (1961))). Tying the grandfathered status to the individual's activity -- instead of the licensed location -- would effectively deflate the value of an individual's check cashing business by making the business's assets difficult or impossible to sell.

Moreover, adopting an operational requirement may create a discrepancy between original sellers of assets and subsequent sellers given the inconsistency in language between the subsections governing each. Subsection 32.1(a)'s reference to "[a] person who is conducting business as a check casher" is not present in subsection 32.1(c). Subsection 32.1(c) permits resale of "[a] business of cashing checks which is sold and purchased pursuant to subsections a. and b. of this section," but does not expressly include language requiring the subsequent seller to be conducting business at the time of sale. Instead, subsection 32.1(c) simply requires a subsequent seller not be "the subject of any action by the commissioner."

12

We hold that the only requirements for an asset sale are that a seller is conducting business by holding a valid license and is not subject to an action by the Commissioner. Plainly, the Commissioner may opt to revoke a check cashing business's license where the owner does not engage in check cashing services for 180 consecutive days. See N.J.S.A. 17:15A-40(d). But where, as here, the Commissioner does not do so, the fact that a seller has not been actively conducting business in check cashing does not preclude an asset sale.

Pucillo ceased operating the Irvington check cashing location at issue here on October 21, 2014, the date he was arrested. He did not relinquish his license until April 2015, when it was part of the asset sale to New Loan. Pucillo had been arrested on racketeering and related charges. Yet, the Commissioner instituted no action against Pucillo.

As such, Pucillo's asset sale to New Loan was valid, the Irvington location retained its grandfathered status, and DOBI's decision to grant the license to New Loan was appropriate.

## V.

We reverse the judgment of the Appellate Division and reinstate DOBI's agency decision to grant the license.

13

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE'S opinion.