**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3523-22

JENNIFER FRISCO,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted March 17, 2025 – Decided April 4, 2025

Before Judges Gummer and Berdote Byrne.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx8651.

Feeley & LaRocca, LLC, attorneys for appellant (John D. Feeley, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Matthew Melton, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Jennifer Frisco appeals from a final administrative determination issued by respondent Board of Trustees of the Public Employees' Retirement System (PERS). In that determination, the Board affirmed its prior decision denying petitioner's request to apply for accidental disability retirement benefits under N.J.S.A. 43:15A-43(a). Petitioner based her entitlement to those benefits on N.J.S.A. 43:15A-43.1, which was enacted pursuant to L. 2020, c. 54 (Chapter 54), a law that extended certain benefits to eligible PERS members who contracted COVID-19 during the public health emergency declared by the Governor in 2020 in Executive Order 103. Discerning no error in the Board's determination, we affirm.

I.

Petitioner began working as a county corrections officer on February 20, 2016. As a result of her employment, she was enrolled in PERS on March 1, 2016. According to her attorney, petitioner "tested positive for COVID/SARS" in January 2021 and has since then experienced "multiple side [e]ffects of COVID, which have rendered [her] disabled and unable to perform her assigned work duties." Her attorney represented that when petitioner logged onto a member benefits on-line system and attempted to apply for an accidental

disability retirement based on "legislation allow[ing] first responders who become disabled from COVID-19 the ability to apply for an 'accidental disability' pension," she "received a notice that informed her that she was not eligible for [that] type of pension."

In a November 22, 2022 letter to the secretary of the Board, petitioner's attorney requested an explanation as to why petitioner was not eligible for "an accidental disability pension." The next day, a representative of the Bureau of Retirement of the Division of Pensions and Benefits explained in a letter that accidental disability retirement under Chapter 54 was not available to members enrolled in Tier 4 or 5 of PERS. According to the representative, because petitioner was enrolled in PERS as a Tier 5 member, she was not eligible to apply for any disability benefit under Chapter 54. In a January 25, 2023 letter, petitioner's counsel requested a full hearing regarding "the refusal to process her application" for an accidental disability retirement and asked the Board to place her "appeal request" on the agenda for its next meeting.

In a May 1, 2023 letter, the Board advised petitioner's counsel that during its April 19, 2023 meeting, the Board had considered and denied petitioner's request to apply for accidental disability retirement benefits under Chapter 54. The Board stated L. 2010, c. 1 and 3, and L. 2011, c. 78, had created,

respectively, in PERS, Tier 4 memberships for people who had enrolled in PERS after May 21, 2010, and before June 28, 2011, and Tier 5 memberships for people who had enrolled in PERS on or after June 28, 2011. The Board explained that neither ordinary nor accidental disability retirement was available to members enrolled in Tiers 4 or 5. The Board acknowledged Chapter 54 had "expanded the circumstances under which a PERS member holding an eligible title may be granted an [a]ccidental [d]isability retirement" in connection with "the contraction of COVID-19 during the Public Health Emergency declared by the Governor in Executive Order 103 of 2020." However, the Board determined that expansion "did not extend to those members already ineligible to file for [a]ccidental [d]isability retirement," such as Tier 5 members. The Board concluded petitioner was not eligible for an accidental disability retirement benefit because she was a Tier 5 member. Petitioner appealed that decision.

In a June 22, 2023 final administrative determination, the Board advised petitioner's counsel that at its May 17, 2023 meeting, the Board had considered petitioner's appeal, affirmed its prior decision, and denied petitioner's request for an administrative hearing given the lack of any genuine issues of material fact in dispute. The Board repeated the information provided in its May 1, 2023

4

letter. It also explained that in affirming its decision, it had relied on "the plain language" of N.J.S.A. 43:15A-43(a), which provides:

> A member who has not attained age 65 shall, upon the application of the head of the department in which he is employed or upon his own application or the application of one acting in his behalf, be retired by the board of trustees, if said employee is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties, on an accidental disability allowance. A traumatic event occurring during voluntary performance of regular or assigned duties at a place of employment before or after required hours of employment which is not in violation of any valid work rule of the employer or otherwise prohibited by the employer shall be deemed as occurring during the performance of regular or assigned duties.
>
> . . . .
>
> No person who becomes a member of the retirement system on or after the effective date [May 21, 2010] of P.L.2010, c. 3 shall be eligible for retirement pursuant to this section.

The Board also cited N.J.A.C. 17:2-6.7, which allows under certain circumstances "[a] member enrolled in the [Public Employees' Retirement] System before May 21, 2010, for whom an application for an accidental disability retirement allowance has been filed, [to] be retired on an ordinary disability retirement benefit."

This appeal followed.

A-3523-22

II.

Our role in reviewing an administrative agency's decision is limited. Zilberberg v. Bd. of Trs., Teachers' Pension & Annuity Fund, 468 N.J. Super. 504, 509 (App. Div. 2021).  We "recognize that state agencies possess expertise and knowledge in their particular fields."  Caucino v. Bd. of Trs., Teachers' Pension & Annuity Fund, 475 N.J. Super. 405, 411 (App. Div. 2023) (quoting Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013)).  Consequently, we review a quasi-judicial agency decision under a deferential standard of review and will affirm the decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."  Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)); see also Caucino, 475 N.J. Super. at 411.

In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider "(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion."  Conley v. N.J.

Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018). "The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger." Parsells v. Bd. of Educ. of Somerville, 472 N.J. Super. 369, 376 (App. Div. 2022).

We are not bound by an agency's statutory interpretation or other legal determinations. Russo, 206 N.J. at 27. Nevertheless, we accord deference to statutory interpretation by the agency charged with enforcing the statute because of the agency's experience and specialized knowledge. Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475-76 (2019). "Such deference has been specifically extended to state agencies that administer pension statutes." Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015).

PERS was created by our Legislature in a statutory scheme, N.J.S.A. 43:15A-6 to -82, enacted to "arrange[] for the payment of retirement allowances and other benefits," N.J.S.A. 43:15A-6(m), to the designated members of PERS. See Berg v. Christie, 225 N.J. 245, 267 (2016) (describing PERS as "the means for providing the retirement allowance and other benefits provided to a beneficiary under the provisions of that system's enabling act"). Under N.J.S.A. 43:15A-43(a) of that statutory scheme, certain PERS members, if "permanently and totally disabled as a direct result of a traumatic event occurring during and

7                                                          A-3523-22

as a result of the performance of [their] regular or assigned duties," are entitled to be retired "on an accidental disability allowance." The Legislature expressly limited eligibility for that benefit to employees who became members of PERS before May 21, 2010, providing: "No person who becomes a member of the retirement system on or after the effective date [May 21, 2010] of P.L.2010, c. 3 shall be eligible for retirement pursuant to this section." Ibid.

On July 1, 2020, the Legislature enacted N.J.S.A. 43:15A-43.1, making it retroactive to March 9, 2020. That statute provides in relevant part:

> For purposes of subsection a. of section 43 of P.L. 1954, c. 84 ([N.J.S.A.] 43:15A-43), permanent and total disability of a member who is a law enforcement officer, firefighter, or emergency medical responder eligible to retire pursuant to that subsection a. shall be deemed to have occurred as a direct result of a traumatic event occurring during and as a result of the performance of regular or assigned duties if:
>
> > the law enforcement officer, firefighter, or emergency medical responder contracts COVID-19 and tests positive for SARS-CoV-2 during the public health emergency in the State declared by the Governor in Executive Order No. 103 of 2020 and as extended[.]
>
> [Ibid. (emphasis added).]

Interpreting N.J.S.A. 43:15A-43(a) and -43.1, we apply these well-known canons of statutory interpretation. "The Legislature's intent is the paramount

goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." Garden State Check Cashing Serv., Inc. v. Dep't of Banking & Ins., 237 N.J. 482, 489 (2019) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "If a statute's plain language is clear, we apply that plain meaning and end our inquiry." Ibid.; see also Sanchez v. Fitness Factory Edgewater, LLC, 242 N.J. 252, 260 (2020) (holding, "we need delve no deeper than the act's literal terms." (quoting State v. Gandhi, 201 N.J. 161, 180 (2010))). "'Only when the meaning of a statute is not self-evident on its face' . . . is it appropriate for the [c]ourt to 'turn to extrinsic sources, such as legislative history.'" Sanchez, 242 N.J. at 261 (quoting Farmers Mut. Fire Ins. Co. of Salem v. N.J. Prop.-Liab. Ins. Guar. Ass'n, 215 N.J. 522, 536 (2013)).

To determine the legislative intent regarding the accidental disability retirement benefits petitioner seeks based on her COVID-19 status, we need go no further than the clear and consistent language of the statutes at issue. In N.J.S.A. 43:15A-43.1, the Legislature expressly limited the inclusion of COVID-19 as a potentially qualifying condition to PERS members "eligible to retire pursuant to that subsection a" of N.J.S.A. 43:15A-43. The Legislature unambiguously limited the eligibility to retire pursuant to subsection a of

N.J.S.A. 43:15A-43 to people who became members of PERS before May 21, 2010.

Petitioner does not dispute that she became a PERS member after May 21, 2010. Thus, she was not eligible to retire pursuant to N.J.S.A. 43:15A-43(a) and, consequently, not entitled to benefits under N.J.S.A. 43:15A-43.1. Perceiving no error in the Board's interpretation of the statutes at issue or its application of that interpretation to the undisputed facts of this case, we affirm its June 22, 2023 final administrative determination.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3523-22