**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1494-24

IN THE MATTER OF
JAMES MACCARTHY,

    Petitioner-Appellant/
    Cross-Respondent,

and

EASTAMPTON TOWNSHIP
EDUCATION ASSOCIATION,

    Respondent-Cross-Appellant/
    Respondent.

_____

NEW JERSEY PUBLIC
EMPLOYMENT RELATIONS
COMMISSION,

    Respondent.

_____

        Argued April 21, 2026 – Decided June 17, 2026

        Before Judges Gilson and Vinci.

        On appeal from the New Jersey Public Employment
        Relations Commission, PERC No. 2023-27.

Anthony R. Holtzman (The Fairness Center) argued the cause for appellant/cross-respondent.

Steven R. Cohen argued the cause for respondent/cross-appellant (Selikoff & Cohen, PA, attorneys; Steven R. Cohen, of counsel and on the brief; and Hop T. Wechsler, on the brief).

William J. Campbell, IV, Deputy General Counsel, argued the cause for respondent New Jersey Public Employment Relations Commission (Christine Lucarelli-Carneiro, General Counsel, attorney; William J. Campbell, IV, on the brief).

PER CURIAM

James MacCarthy is a classroom teacher employed by the Eastampton Township Board of Education (the Board). The Eastampton Township Education Association (Association) is the union that represents classroom teachers and certain other employees. MacCarthy and the Association cross-appeal from a December 12, 2024 final agency decision by the New Jersey Public Employment Relations Commission (the Commission). The Commission dismissed two unfair representation claims MacCarthy had filed against the Association. The Commission also found in favor of MacCarthy on a third unfair practice charge he filed. Having reviewed the record and law, we affirm all the Commission's decisions.

I.

MacCarthy has been employed by the Board as a teacher since 2007. He is a member of the Association, which represents certain Board employees, including classroom teachers.

Between September 2022 and the Spring of 2023, the Board received several complaints against MacCarthy alleging that he had sexually harassed a coworker. In response to the second complaint, the Board scheduled an investigatory interview. The Association arranged for an attorney from the New Jersey Education Association (NJEA) to represent MacCarthy at the interview and informed him that he could also have an Association representative attend the interview. MacCarthy requested a particular Association official to attend as his representative, but he was informed that the official was representing the complainant. When the interview was conducted in October 2022, MacCarthy attended with the NJEA attorney, but he did not select another Association member to attend the interview.

In March 2023, MacCarthy filed an unfair representation claim against the Association with the Commission. He alleged that the Association had failed to provide him with an Association representative at the investigatory meeting. By that time, several sexual harassment complaints had been filed against

3

MacCarthy. MacCarthy also alleged that the Association had breached its duty of fair representation by filing some of the sexual harassment complaints against him with the Board.

In May 2023, while his unfair representation charges were pending, MacCarthy decided to run for the position of co-president of the Association and submitted papers to have his name placed on the ballot. The Association leadership met to discuss MacCarthy's request and then sent him a letter informing him that he (1) could dismiss the unfair representation charges and his name would be placed on the ballot; or (2) could continue to pursue the charges and his name would not be placed on the ballot. When MacCarthy did not respond to the Association's letter, his name was not placed on the co-president ballot.

MacCarthy then amended his charges against the Association. In his final amended charges, MacCarthy asserted three claims of unfair representation: (1) the Association failed to provide him with a representative at the October 22 investigatory interview; (2) the Association filed some of the sexual harassment charges against him; and (3) the Association failed to allow him to run for co-president while he was pursuing unfair representation charges against the Association.

A-1494-24

Following the exchange of discovery, MacCarthy and the Association cross-moved for summary judgment. On December 12, 2024, the Commission issued a final agency decision granting in part and denying in part the motions for summary judgment. The Commission dismissed MacCarthy's first and second charges related to the unfair representation allegations concerning the sexual harassment complaints. The Commission granted summary judgment in favor of MacCarthy on his third charge, holding that the Association had violated MacCarthy's rights by not placing his name on the ballot when he was pursuing unfair representation charges against the Association.

On the first charge, the Commission found that the material undisputed facts established that the Association had offered to provide a representative to attend the investigatory interview. MacCarthy, however, decided not to select a representative after he learned that his first choice was representing the complainant.

On the charge that the Association had filed a sexual harassment charge with the Board on behalf of another associate member, the Commission found that there was no unfair representation. The Commission noted that the Association disputed it had filed any charge but assumed for purposes of the summary judgment motion that the Association had filed some of the charges.

A-1494-24

The Commission held that a labor organization can assist one member with the filing of a complaint while simultaneously representing another member by providing that member with legal representation.

Finally, on the third charge—failing to place MacCarthy on the ballot—the Commission found the Association's requirement that MacCarthy drop the unfair representation charges in order to run for co-president of the Association was a violation of N.J.S.A. 34:13A-5.4(b)(1), which prohibits interference with rights guaranteed by the Employer-Employee Relations Act (the Act), N.J.S.A. 34:13A-1 to -73. In that regard, the Commission reasoned that public employees have a statutory right to assist a labor organization and they also have a right to file unfair representation charges against the organization. The Commission determined the Association engaged in an unfair practice when it required MacCarthy to dismiss his charges to run for a position with the Association.

MacCarthy now appeals from the dismissal of the second charge. He does not appeal from the dismissal of his first charge. The Association cross-appeals from the Commission's ruling on the third charge.

## II.

The relationship between a union and employees the union represents is governed by the Act. N.J.S.A. 34:13A-5.4(b)(1) prohibits the union from

A-1494-24

"[i]nterfering with, restraining or coercing employees in the exercise of the rights guaranteed to them by [the Act]."  A union breaches that duty when its conduct toward a member is arbitrary, discriminatory, or in bad faith.  Lullo v. Int'l Ass'n of Fire Fighters, Loc. 1066, 55 N.J. 409, 427-28 (1970); Belen v. Woodbridge Twp. Bd. of Educ., 142 N.J. Super. 486, 490-91 (App. Div. 1976).

In reviewing a final agency decision, we generally consider the decision presumptively valid.  Reilly v. AAA Mid-Atlantic Ins. Co. of N.J., 194 N.J. 474, 485 (2008), and defer to the "agency action that purports to effectuate statutory and regulatory authority."  Brady v. Dep't of Pers., 149 N.J. 244, 256 (1997).  Nevertheless, "[a] court is 'in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue.'"  L.A. v. Bd. of Educ. of Trenton, 221 N.J. 192, 204 (2015) (second alteration in original) (quoting Dep't of Children & Families, DYFS v. T.B., 207 N.J. 294, 302 (2011)).  Accordingly, when an agency determines an issue on summary judgment, we review that issue de novo.  Ibid.

In conducting that de novo review, however, we will still defer to a reasonable interpretation of a statutory right within the agencies' area of expertise.  Garden State Check Cashing Serv., Inc. v. Dep't of Banking & Ins., 237 N.J. 482, 489 (2019); Morris Cnty. Sheriff's Office v. Morris Cnty.

Policemen's Benevolent Ass'n, Loc. 298, 418 N.J. Super 64, 74 (App. Div. 2011); see also In re Election L. Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010) (explaining "an appellate court should give considerable weight to a state agency's interpretation of a statutory scheme that the legislature has entrusted to the agency to administer"). Moreover, we are also guided by the principle that appellate courts "will not upset a state agency's determination in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence, or that it violated a legislative policy expressed or implicit in the governing statute." Donnerstag v. Koenig, 481 N.J. Super. 291, 300 (App. Div. 2025) (quoting In re Camden Cnty. Prosecutor, 394 N.J. Super. 15, 22-23 (App. Div. 2007)).

A.    MacCarthy's Claim Regarding the Filing of the Sexual Harassment Charges.

MacCarthy alleges that the Association violated its fair representation duty when it filed sexual harassment charges against him on behalf of another member of the Association. He contends that the Association's mere act of filing the complaint signaled support for the complainant over its support for him. He also asserts that because the Association brought the charge, he was forced into a "defensive posture."

A-1494-24

The Association denied it filed the sexual harassment charges. Nevertheless, for purposes of summary judgment the Commission assumed that the Association had filed some of the charges. The Commission then determined that a union can file sexual harassment charges on behalf of one member against another member provided "there is no evidence that the complaint was made in bad faith." In reaching that determination, the Commission reasoned that unions must sometimes balance the interests of their various members and as long as the union does not act arbitrarily, discriminatorily, or in bad faith it does not commit an unfair representation practice.

The material facts in this matter and the law support the Commission's determination. Like the Commission, we accept for purposes of this appeal that the Association filed some of the sexual harassment charges with the Board. It is undisputed, however, that the Association also provided MacCarthy with legal representation and informed him that he could bring a member of the Association as a representative to any investigatory interview. In short, the Association acted with balance. The Association moreover was not the decision maker on the claims. Instead, the issue of whether MacCarthy engaged in sexual harassment was initially for the Board to decide. The Association simply assisted another member in presenting the claims. Indeed, the other member

9

clearly had the right to complain about sexual harassment. There is no showing in this record that the Association took a position in favor of the complaining member or against MacCarthy. We note in that regard, the record does not indicate what if any findings the Board made concerning the complaints of sexual harassment.

Accordingly, we discern no legal error in the Commission's ruling. We also discern nothing arbitrary, capricious, or unreasonable in the Commission's decision on MacCarthy's second charge.

B.     MacCarthy's Claim Regarding the Election for Co-President.

The Commission found that the Association violated the Act when it failed to place MacCarthy's name on the ballot for co-president of the Association. In making that ruling, the Commission recognized that MacCarthy had a right to participate in an election to be an official of the Association. See N.J.S.A. 34:13A-5.3 (stating that represented employees have a right to "assist" in a labor organization). The Commission also recognized that MacCarthy had a right to file and pursue unfair representation charges against the Association. See Kaczmarek v. N.J. Tpk. Auth., 77 N.J. 329, 337 (1978) (explaining "[a] person aggrieved by an unfair practice is authorized to file a 'charge' with [the Commission], whereupon [the Commission] must commence the appropriate

administrative proceedings to resolve the controversy"); N.J.S.A. 34:13A-5.4(c) (noting that once an employee files an unfair practice charge against a union, the Commission "shall have authority to issue and cause to be served upon such party a complaint stating the specific unfair practice charged"). Consequently, the Commission determined that the Association had interfered with MacCarthy's rights when it required him to drop the unfair representation charges in order to run for co-president of the Association.

The Commission's determination is supported by the substantial credible evidence in the record. It was undisputed that the union sent MacCarthy a letter requiring him to make a choice of either dropping the charges or running for the Association position. Additionally, the Commission's legal determinations are consistent with the provisions of the Act. Moreover, we discern nothing arbitrary, capricious, or unreasonable regarding the Commission's determination on the third charge.

As a remedy, the Commission directed the Association to cease and desist from interfering with MacCarthy's right to seek election as an Association official and to post a notice concerning that action. Finally, we discern nothing arbitrary, capricious or unreasonable in that remedy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1494-24